IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIRK D. ROBINSON,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>IRS EMPLOYEES, Names Not Known, Refer to Document #1, Individual capacity;<br><br>　　　　　　Defendant. | 8:23CV486<br><br>MEMORANDUM AND ORDER |

　　　　Plaintiff Kirk D. Robinson has been given leave to proceed in forma pauperis. Filing 10. The Court now conducts an initial review of Plaintiff's Complaint, Filing 1, to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. This matter is also before the Court on Plaintiff's Motion for a Change of Venue, Filing 6.

## I. SUMMARY OF THE COMPLAINT

　　　　Plaintiff brings this action under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), against several unnamed employees of the Internal Revenue Service in their individual capacities. Filing 1 at 2. Although Plaintiff initially asserts that the names of the Defendant IRS Employees are unknown, Filing 1 at 2, in a document attached to the Complaint, Plaintiff states that letters from the IRS that Plaintiff filed in another case contain some of the Defendants' names. Filing No. 1 at 12. Rather than list the names, Plaintiff asks the Court to review documents filed in Case No. 8:23CV418 and find the names. Filing 1 at 12.

　　　　In April 2020, federal stimulus money was deposited into an account at Trius Federal Credit Union in Kearney, Nebraska. Filing 1 at 4. Plaintiff alleges part of that money belonged to him, but he did not receive it. Filing 1 at 4. In October 2020, Plaintiff filed a tax return to claim the federal stimulus funds. Filing 1 at 5. In December 2021, Plaintiff received a letter from the

IRS. Filing 1 at 4. Plaintiff does not attach the letter to his Complaint, but again refers the Court generally to Case No. 8:23CV418. According to Plaintiff, the December 2021 letter from the IRS indicated that part of the stimulus money had been paid. Filing 1 at 5. In February or March,[1] Plaintiff received another letter from the IRS stating that $2,000 was again deposited into an account at Trius Federal Credit Union in Kearney. Filing 1 at 5.

Plaintiff's ex-wife, Charline Robinson, had banked at Trius Federal Credit Union for "a long time." Filing 1 at 5. Plaintiff alleges his ex-wife filed a tax return for 2019 and that somehow his stimulus money was deposited into her account. Filing 1 at 5. Plaintiff has requested a copy of the tax return that caused his federal stimulus money to be deposited in his ex-wife's account, but the IRS has refused to provide a copy. Filing 1 at 5.

Plaintiff alleges the unnamed IRS Employees committed several federal crimes, including obstruction of justice, interference with federally protected activities, and conspiracy. Filing 1 at 14. Plaintiff alleges the IRS Employees violated Plaintiff's rights to due process under the Fifth and Fourteenth Amendments, his right to equal protection under the Fourteenth Amendment, and his right to be free from cruel and unusual punishment under the Eighth Amendment. Filing 1 at 13. Plaintiff seeks a "full, uncensored copy of the return" and $500 million in punitive damages. Filing 1 at 5.

## II. LEGAL ANALYSIS

### A. Initial Review

*1. Initial Review Standards*

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine

---

[1] Plaintiff does indicate the year he received this letter.

whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

2. *Plaintiff's Bivens Claim*

Plaintiff sues the unnamed Defendants in their individual capacities only. Filing 1 at 2. "A Bivens claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998). "On only three occasions has the Supreme Court implied a cause of action under *Bivens*." *Farah v. Weyker*, 926 F.3d 492, 497-98 (8th Cir. 2019) (citing *Carlson v. Green*, 446 U.S. 14, 16-18 (1980) (allowing Eighth

Amendment claim against federal prison officials who failed to treat a prisoner's asthma); *Davis v. Passman*, 442 U.S. 228, 248 (1979) (permitting congressman's administrative assistant to sue for sex discrimination in violation of Fifth Amendment due process rights after congressman fired assistant); *Bivens*, 403 U.S. at 397 (allowing Fourth Amendment claim against federal agents for illegal arrest, strip search, and search of apartment without warrant)). The Supreme Court has reiterated that recognizing new *Bivens* claims "is a disfavored judicial activity" and "for almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*." *Hernandez v. Mesa*, 589 U.S. 93, 101-02 (2020) (internal quotation marks and citations omitted); *see also Ziglar v. Abbasi*, 582 U.S. 120, 148 (2017) (same).

None of Plaintiff's constitutional claims can proceed under *Bivens*. First, although the Supreme Court has recognized a *Bivens* claim under the Eighth Amendment, Plaintiff is not suing a prison official. Rather, Plaintiff attempts to sue unnamed IRS employees for actions unrelated to Plaintiff's confinement. Plaintiff has likewise pled insufficient facts to support any other constitutional violation. Plaintiff alleges—without any factual support—that IRS employees violated his Fifth and Fourteenth Amendment rights by failing to provide him a copy of the 2019 tax return filed by Plaintiff's ex-wife. However, Plaintiff has no constitutional right under the Fifth or Fourteenth Amendment to copies of legal documents. *See, e.g., Cullen v. Garland Cnty., Ark.*, No. 6:11-CV-06042, 2013 WL 1088356, at *6 (W.D. Ark. Feb. 13, 2013), *report and recommendation adopted,* No. 11-6042, 2013 WL 1091696 (W.D. Ark. Mar. 14, 2013); *Collins v. Goord*, 438 F. Supp. 2d 399, 416 (S.D.N.Y. 2006). More to the point, the Court cannot discern from Plaintiff's threadbare allegations whether Plaintiff has stated any constitutional claim, let alone determine whether any such claim is allowed under *Bivens*.

Further, the Supreme Court has emphasized that "the existence of alternative remedies usually precludes a court from authorizing a *Bivens* action." *Ziglar*, 582 U.S. at 148. Construed liberally, Plaintiff seeks to take steps to recover stimulus funds allegedly negligently deposited into his ex-wife's account. Plaintiff had available to him an administrative process to recover his property from a federal agency, 31 U.S.C. § 3723 (allowing for claims to be presented to the agency to redress damages caused by the negligent acts of federal officer), and so no *Bivens* claim exists. *See Dalton v. Fikes*, No. 19-CV-2209, 2020 WL 6121254, at *3-4 (D. Minn. June 30, 2020), *report and recommendation adopted,* No. 19-CV-2209, 2020 WL 5105776 (D. Minn. Aug. 31, 2020), *aff'd,* No. 20-3475, 2021 WL 2201153 (8th Cir. Mar. 1, 2021) (prisoner could not bring Fifth Amendment due process claim for loss of property under *Bivens* when adequate alternative process existed, such as 31 U.S.C. § 3723). Moreover, Plaintiff has legal remedies available through the Internal Revenue Code. *See Jackman v. D'Agostino,* 669 F.Supp. 43, 46–47 (D. Conn. 1987); *see also Flank v. Sellers,* 661 F.Supp. 952, 954–55 (S.D.N.Y.1987) (no *Bivens* action based on allegation that IRS auditor made a mistake of law). For all these reasons, Plaintiff fails to state an allowable claim under *Bivens*.

B. Motion for a Change of Venue

Plaintiff's Motion for a Change of Venue asks that this "case be moved to a completely different circuit altogether" as "this is the only way to ensure . . . that he gets a fair, unbiased and impartial hearing in a court of law." Filing 6. Plaintiff's basis for his motion is his pending suit against Inactive Senior Judge Richard Kopf and Senior Judge Joseph Bataillon of this Court. *See* Filing 6, Case No. 8:23CV452.

Venue is generally governed by 28 U.S.C. § 1391, which "govern[s] the venue of all civil actions brought in district courts of the United States" and provides, in pertinent part, that:

> (b) Venue in general—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, Plaintiff sues IRS employees based on events that, from all indication, took place in Nebraska. *See* Filing 1 at 4, 5. Venue is clearly proper in the District of Nebraska as the defendant has a presence in this district and the events that are the subject of the Complaint occurred here. As such, the Court finds that a change in venue is not warranted.

To the extent Plaintiff's motion seeks to have his case considered by a different judge other than Judge Bataillon, such request is now moot as Judge Bataillon recused himself from this matter, as well as Plaintiff's other pending cases, because Plaintiff named Judge Bataillon as a defendant in Case No. 8:23CV452. *See* Filing 9. This matter was reassigned to the undersigned, and the Court has now completed an initial review of Plaintiff's Complaint and determined that the Court lacks subject matter jurisdiction over Plaintiff's claims. Thus, Plaintiff's Motion for Change of Venue is properly denied.

### III. CONCLUSION

Plaintiff's Complaint fails to assert a recognizable *Bivens* claims under the Fifth, Eighth, or Fourteenth Amendments. Thus, no claim is stated upon which relief may be granted and Plaintiff's

Complaint is subject to dismissal under 28 U.S.C. § 1915(e). Accordingly, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e) and 1915A and without leave to amend as the Court concludes further amendment would be futile. There is also no basis for a change of venue.

    IT IS THEREFORE ORDERED that:

1. This action is dismissed with prejudice.

2. The Court will enter judgment by a separate document.

3. Plaintiff's Motion for a Change of Venue, Filing 6, is denied.

Dated this 10th day of September, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge